## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM RUSSELL MILLER | ) | CASE NO.  19-10445(1)(7) |
| | ) | |
| Debtor | ) | |
| | ) | |
| EAST 38th AVENUE | ) | AP NO. 20-1021 |
| PROPERTIES, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM RUSSELL MILLER | ) | |
| | ) | |
| Defendant | ) | |

## <u>MEMORANDUM-OPINION</u>

This matter is before the Court on the Motion to Dismiss Third Party Complaint filed by Defendant Kenneth Wolf and the Motion to Dismiss Third Party Complaint filed by Defendant Dennis R. Carlton.  The Court reviewed both Motions to Dismiss, the Response of Third Party Plaintiff, William Russell Miller to Defendant Carlton's Motion to Dismiss, and the Response of Third Party Plaintiff, William Russell Miller to Defendant Kenneth Wolf's Motion to Dismiss.  For the following reasons, the Court will **GRANT** the Motion to Dismiss the Third Party Complaint filed by Defendant Kenneth Wolf and **GRANT** the Motion to Dismiss the Third Party Complaint filed by Defendant Dennis R. Carlton.  An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## PROCEDURAL AND FACTUAL BACKGROUND

Debtor and his father-in-law, Dennis R. Carlton ("Carlton") organized The Motorsports Gallery, LLC ("Motorsports"), a Colorado limited liability company, with Debtor holding a 75% membership interest and Carlton holding a 25% membership interest. Motorsports sold highend luxury vehicles.

In 2015, Debtor caused Motorsports to enter into a Lease Agreement ("the Lease") with East 38th Avenue Properties, LLC ("East 38th") for the rental of commercial real estate. Later that year, Motorsports breached the Lease when Motorsports defaulted on its rental payments owed to East 38th under the terms of the Lease. East 38th sued Motorsports in Denver, Colorado District Court under Case No. 16-CV-32982.

On August 8, 2017, in the Denver, Colorado District Court action, Motorsports, acting by and through Debtor, entered into a consent Judgment with East 38th obligating Motorsports to pay East 38th $215,000 plus 10% interest per annum.

After it entered into the consent Judgment, East 38th discovered that Debtor, through Motorsports, had transferred all of Motorsports assets to Carlton. East 38th also discovered that Debtor and Carlton had engaged in a fraudulent scheme to liquidate Motorsports assets. Therefore, East 38th sued the Debtor in Denver, Colorado District Court under Case No. 2018, CV-033351,[1] to hold Debtor personally liable on the consent Judgment. Carlton was also named as a Defendant in the lawsuit.

---

[1] Debtor's Answer to the Complaint in the 2018 Denver, Colorado District Court action lists the case number as 2018 CV 033351. Defendant Carlton in his Motion to Dismiss the Third Party Complaint filed against him lists the case number of the 2018 Denver, Colorado Civil Action No. as 2018 CV 30852 and states that the East 38th Complaint named Motorsports, Miller and Carlton as Defendants in that action.

-2-

The lawsuit against the Debtor by East 38th was stayed when Debtor filed his Voluntary Chapter 7 Petition herein on May 1, 2019. Debtor listed East 38th on his Schedules as the holder of a nondisputed, nonpriority, unsecured claim, but disclosed no claim against Wolf or Carlton.

On January 23, 2019, East 38th and Carlton entered into a Settlement Agreement in the 2018 Denver, Colorado District Court action which resolved East 38th's claims against Carlton, without limitation.

On July 30, 2020, East 38th filed this Adversary Proceeding against the Debtor. The Adversary Proceeding asserts that the Debtor operated Motorsports as his alter ego and fraudulently transferred property of Motorsports in an effort to hinder, delay and defraud East 38th in its collection efforts. The Adversary Proceeding contains claims for piercing the corporate veil of Motorsports and seeks the denial of Debtor's discharge under 11 U.S.C. §§ 523(a)(2)(A), 727(a)(2)(A) and 727(a)(3).

On December 3, 2020, Debtor filed a Motion for Leave to File a Third Party Complaint herein against Carlton, who was once a partner of the Debtor in Motorsports and against Kenneth Wolf ("Wolf"), the owner of commercial property once leased by Motorsports.

Defendant Wolf objected to the Motion for Leave to File a Third Party Complaint on the basis that Debtor had never disclosed such a claim in the Chapter 7 case and that Debtor had no standing to bring such a claim.

On January 11, 2021, in response to Wolf's objection in Debtor's Chapter 7 bankruptcy case, the Trustee and Debtor filed an Agreed Motion to Abandon the Debtor's Counterclaims against Wolf and East 38th and any crossclaims against Carlton. The Court entered an Order granting the Agreed Motion on January 26, 2021.

-3-

On February 26, 2021, in this Adversary Proceeding, the Debtor filed his Third Party Complaint against Carlton and Wolf.

On April 5, 2021, Defendant Wolf filed a Motion to Dismiss the Third Party Complaint filed against him by the Debtor.

On May 6, 2021, the Debtor filed his Response to Wolf's Motion to Dismiss the Third Party Complaint.

On May 20, 2021, Carlton filed his Motion to Dismiss the Third Party Complaint filed by the Debtor against him.

On June 4, 2021, the Debtor filed his Response to Carlton's Motion to Dismiss the Third Party Complaint.

The Third Party Complaint filed against Wolf asserts claims for interference with contractual relations, negligent interference with a contractual relationship, fraudulent misrepresentation and negligent misrepresentation.

The Third party Complaint filed against Carlton asserts claims for indemnification, contribution, and quantum meriut.

## <u>LEGAL ANALYSIS</u>

The dispute herein began in 2016, when East 38th filed suit against Motorsports in Denver, Colorado District Court after Motorsports breached its Lease with East 38th for rental property. East 38th and Motorsports, a limited liability company that Debtor had an interest in, eventually entered into a consent Judgment regarding Motorsports' default of the Lease on August 8, 2017. Subsequently, in 2018, upon learning of Debtor's conduct while in control of Motorsports, East 38th

then sued Debtor, Carlton and Motorsports in Denver, Colorado District Court. The Debtor did not raise any claims against Wolf or Carlton in the Denver District Court action.

In this bankruptcy case, which has been pending since May 1, 2019, Debtor did not disclose on his Schedules any claims against Wolf or Carlton, although East 38th's claim was scheduled as undisputed, nonpriority, and unsecured in the Chapter 7 case.

East 38th initiated this Adversary Proceeding against Debtor on July 30, 2020. Debtor filed his Motion for Leave to File the Third Party Complaint against Wolf and Carlton on December 3, 2020. In response, Wolf filed an Objection to the Debtor's Motion on December 14, 2020 in which he asserted that Debtor had never disclosed these claims in his Chapter 7 Petition and lacked standing to bring such claims. Following this Objection, Debtor and the Chapter 7 Trustee filed an Agreed Motion Abandoning the Debtor's Counterclaims against Wolf, Carlton and East 38th in Debtor's Chapter 7 case on January 11, 2021. Up until the time the Agreed Motion was filed, Debtor had no standing to bring the claims asserted in the Third Party Complaint, although the adversary proceeding had been pending since July 30, 2020.

It is important to note that neither Wolf nor Carlton were listed as creditors or debtors of the Debtor.

Wolf is correct that the issues raised in the Third Party Complaint are not core proceedings, as set forth in 28 U.S.C. § 157(b)(2). The same is true as to Carlton. This Court's jurisdiction is limited by 28 U.S.C. § 1334(b). While the Court may hear non-core proceedings, they must be ". . . otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1).

A civil proceeding is "related to" a bankruptcy case if the "outcome of that claim could conceivably have any effect on the estate being administered in the bankruptcy." *In re Dow Corning*

*Corp.*, 86 F.3d 482, 489 (6th Cir. 1996).  This Court, however, cannot issue final orders on these claims, but could only make proposed findings to the district court, if all parties consent.  *See*, *Stern v. Marshall*, 564 U.S. 462 (2011).  Clearly, Wolf and Carlton have objected and do not consent.

The Debtor's claims asserted in the Third Party Complaint raise jurisdictional issues.  In *Stern v. Marshall*, the Supreme Court held that bankruptcy courts had statutory authority under 28 U.S.C. § 157(b)(2)(c) to rule on common law tort claims invoking private rights.  However, bankruptcy courts lack constitutional authority to do so under Article III of the Constitution.  Thus, the Supreme Court held in *Stern* that 28 U.S.C. § 157(b) violated Article III by allowing Article I courts, such as bankruptcy courts, to enter a final judgment on a private right common law counterclaim that did not require concurrent resolution of the creditor's proof of claim.

The same analysis was used by the Bankruptcy Court in *Yates v. Robertson*, 593 B.R. 845 (Bankr. D. Utah 2018), where a debtor asserted counterclaims for civil conspiracy, conversion, property damage and malicious prosecution in an adversary proceeding filed by a creditor seeking denial of the debtor's discharge based on an alleged fraudulent transfer and concealment of assets.  Relying on the analysis in *Stern*, the bankruptcy court determined it did not have jurisdiction to hear the debtor's private right tort claims that were "not necessarily resolvable in the claims process." *Id.* at 850.  The court concluded its analysis under *Stern* to the facts of that case by stating:

> While the Supreme Court subsequently determined that the parties can consent to the Bankruptcy Court entering a final judgment on private right, common law tort claims, Arma N. Yates (the Plaintiff creditor in the AP) has not so consented.  For these reasons, the court must dismiss the debtor's counterclaims for lack of jurisdiction.

*Id.*

-6-

Here, as in *Yates*, the alleged facts giving rise to the Debtor's claims asserted in the Third Party Complaint occurred prior to the bankruptcy filing, involve private right state law claims, and cannot be resolved in the claims process of this bankruptcy case. Both Motorsports through Debtor and Carlton entered consent Judgments and settlement of their claims with East 38th. Neither Wolf nor Carlton have pending claims against the Debtor. The Debtor had his opportunity to raise the claims asserted herein in the Denver, Colorado District Court action, but failed to do so. Instead, Debtor is now attempting to assert them through the Third Party Complaint in this Adversary Proceeding. None of the claims asserted in the Third Party Complaint would be resolvable in the claims process of Debtor's bankruptcy or this Adversary Proceeding. For these reasons, the Court must abstain from hearing the claims asserted in the Third Party Complaint.[2]

While Wolf and Carlton argue mandatory abstention and the lack of diversity jurisdiction as additional defenses to the Third Party Complaint, the Court need not address these claims since it finds its analysis of *Stern v. Marshall* dispositive.

## CONCLUSION

For all of the above reasons, the Court will **GRANT** the Defendant's Motions to Dismiss the Third Party Complaint. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge

Dated:  August 12, 2021

---

[2]If Debtor believes testimony and/or evidence from Wolf and/or Carlton is material to his defense on the nondischargeability claims in this Adversary Proceeding, he must pursue and preserve said evidence himself through the discovery process.

## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM RUSSELL MILLER | ) | CASE NO.  19-10445(1)(7) |
| | ) | |
| Debtor | ) | |
| | ) | |
| EAST 38th AVENUE | ) | AP NO. 20-1021 |
| PROPERTIES, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM RUSSELL MILLER | ) | |
| | ) | |
| Defendant | ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Third Party Complaint of Defendant Kenneth Wolf, be and hereby is, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Third Party Complaint of Defendant Dennis R. Carlton, be and hereby is, **GRANTED**.

Joan A. Lloyd
United States Bankruptcy Judge

Dated:  August 12, 2021